**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| MAXIMUM FIDELITY SURGICAL SIMULATIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:19-cv-04200-NKL |
| PAUL BAKER | ) ) ) | |
| Defendant. | ) | |

**ORDER**

**IT IS STIPULATED AND AGREED** by Plaintiff, Maximum Fidelity Surgical Simulations, LLC ("MFSS" and "Requesting Party") and Defendant Paul Baker ("Baker" and "Producing Party") and hereby ORDERED that the following procedure shall govern the inspection of forensic devices during these proceedings.

**I. PRESERVING CONTENT AND ARTIFACTS ON RELEVANT ELECTRONIC DEVICES**

  A. Preservation shall be completed by creating a forensic byte by byte exact forensic image (hereinafter "Forensic Image") of the hard drives, external hard drives, memory, and/or any storage media on any laptop, cell phone, tablet, external hard drive or other electronic device ("Relevant Electronic Devices"). Once created, the Forensic Images permit the extraction and analysis of content and artifacts in the manner described below, without causing any changes to the Content or Artifacts.

  B. An exact, precise, reliable, mirror image copy of the Relevant Electronic Devices shall be obtained.

  C. Defendant will be allowed to observe the creation of each Forensic Image of the Relevant Electronic Devices so long as he does not delay or interfere with the creation of the Forensic Image.

  D. All work shall be performed sing usual and customary practices and industry standards.

## II. EXTRACTING RELEVANT CONTENT, AND IDENTIFYING AND ANALYZING RELEVANT ARTIFACTS

A. After the Forensic Image of the Relevant Forensic Devices is obtained, the Parties shall agree on the search protocols utilizing key words and other generally accepted search methods on each Forensic Image.

B. The analysis of the Forensic Images will take place at a mutually agreed location. Vestige Digital Investigations ("Vestige") shall obtain the Forensic Image and prepare a report of its findings.

C. The reports of the Forensic Image shall be made in the following manner:

   i. The following reports shall be prepared: a Report of Relevant Content, an Abstract of Select Provisions of the Report of Relevant Content (hereinafter the "Abstract"), and a Report of Relevant Artifacts.

   ii. Report of Relevant Content. The Report of Relevant Content will include in native format (or in the format(s) as agreed upon by the Parties) electronic copies of all files identified by the search and analysis conducted. The Report of Relevant Content shall not be reviewed by any party until it is reviewed by the Producing Party as provided below.

   iii. Abstract. The Abstract shall be limited to a statement of the number of pages in the Report of Relevant Content, the file name for each document contained in the Relevant Report, the procedures and processes used to complete the analysis of Relevant Content and Artifacts, the number of pieces of Relevant Content data included in the Report of Relevant Content, and authentication information related to the Relevant Electronic Devices.

   iv. Report of Relevant Artifacts. The Report of Relevant Artifacts shall include all artifacts related to the manner in which Relevant Electronic Devices were used, the state of the data resident upon the Relevant Electronic Devices (including certification of completeness of data and integrity of data), and any other relevant computer usage issue.

   v. The Abstract and Report of Relevant Artifacts shall not be disclosed to or discussed with counsel for the requesting party until they have been delivered to all parties. The Report of Relevant Content shall only be provided to on the Producing Party until the he can review said material as set forth herein.

   vi. Within five business days of receiving an electronic copy of the Report of Relevant Content, counsel for Producing Party will redact the Report, prepare a log ("Redacted Report of Relevant Content') identifying the items in the Report of Relevant Content that counsel has redacted and the grounds that

contains personal information not at issue in this matter ("Protected Information") and serve a copy of the Redacted Report of Relevant Content on counsel for Requesting Party. The Redacted Report of Relevant Content will be served on counsel for the Requesting Party in the same electronic format as it was created, except redacted electronic copies of relevant content will be produced in pdf or some other acceptable format linked to the metadata contained in the native, unredacted, file. The purpose of this provision is to cause all non-redacted, relevant data to be produced in native format with metadata attached to the electronic files, and all redacted relevant data to be produced in pdf, tiff, or some other format that protects the redaction from being recovered.

vii. In some cases, circumstances may require that Relevant Content and Artifacts are reported seriatim. In this event, an index of items included in each "rolling" production of Relevant Content and Relevant Artifacts (hereinafter the "Rolling Index of Content and Artifacts") shall be created and maintained. The Rolling Index of Content and Artifacts shall append the items included in each rolling production, so that the Index continues to expand with each "rolling" production.

viii. Each Rolling Production of Relevant Content shall be served only upon counsel for the Producing Party, who shall redact the Content for privilege and prepare a log as set forth in paragraph vi above.

ix. Each Rolling Production of Relevant Artifacts shall be served simultaneously on counsel for the Producing Party and counsel for the Requesting Party.

x. No testimony related to the forensic images may be offered in any hearing unless any witness provided such testimony is made available for deposition or the opinions are disclosed in a report provided to counsel for the Producing Party at least 48 hours before the testimony.

### III. CONFIDENTIAL INFORMATION

A. Any Protected Information shall not be revealed to or discussed with the Requesting Party.

B. The inadvertent disclosure of any Protected Information shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality or protection under this Order. Counsel for the parties, shall upon discovery of inadvertent error, cooperate to restore the confidentiality and protection of the Confidential Information.

C. The Receiving Party has the right to challenge the designation of any Protected Information.

D.  Nothing in this Order shall prevent the parties from using relevant, non-confidential information derived from the inspection of any Relevant Computer in connection with the trial, hearings, depositions, motions, memoranda or other proceedings in this action.

**IT IS SO ORDERED.**

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 4, 2020
Jefferson City, Missouri