IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MAXIMUM FIDELITY SURGICAL SIMULATIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:19-cv-04200-NKL ) |
| PAUL BAKER | ) ) |
| Defendant. | ) ) |

**ORDER**

Pending before the Court is Defendant Paul Baker's pro se Motion for Judgment on the Pleadings and Dismissal of Case, Doc. 47. In his motion, Baker requests that this case be dismissed due to a lack of subject matter jurisdiction, a lack of personal jurisdiction, improper service of process, and for failure to state a claim. For the following reasons, Defendant's motion is denied.

**I.      Alleged Facts**

Defendant Baker was previously employed as a Product Manager at Maximum Fidelity Surgical Simulations (MFSS). Doc. 1, at ¶ 17. In this position, Baker had access to MFSS's products and customers including highly confidential technical and business information. *Id.*, at ¶¶ 23, 26, 32. Baker had signed a confidentiality agreement with MFSS which prevented his ability to disclose or misappropriate the confidential information obtained while employed for MFSS. *Id.*, at ¶¶ 25–29.

MFSS alleges that Baker disclosed confidential and trade secret information obtained from MFSS and used this information in direct competition with MFSS. Specifically, MFSS

asserts that Baker had been paid by a competitor of MFSS while still employed by MFSS, that he had emailed himself a confidential "Field Guide" document, that he took the Field Guide to use in direct competition with MFSS, that he used confidential information to obtain cadavers at favorable terms to be utilized by competitors, and that he was paid by a competitor of MFSS to do so. *Id.*, at ¶¶ 33–56. MFSS also believes that Baker deleted his work emails and account so as to conceal that he had engaged in illegal conduct. *Id.*, at ¶ 40. MFSS's complaint therefore asserted claims against Baker for Breach of a Non-Disclosure Agreement, violation of the Missouri Trade Secret Act, violation of the Defend Trade Secrets Act, Unfair Competition, Conversion, and Spoliation. *Id.*

## II. Discussion

### A. Jurisdiction and Service of Process

Baker requests that the claims against him be denied as this Court lacks subject matter and personal jurisdiction, and because of invalid service of process. In particular, Baker asserts that the amount in controversy is not above $75,000 as to satisfy the requirement for diversity jurisdiction under 28 U.S.C. § 1332, that there is no evidence of any tortious injury to MFSS in the state of Missouri sufficient for personal jurisdiction, and that this Court improperly ruled on motions prior to the completion of service of process to Baker.

Fed. R. Civ. P. 12(b) and 12(h) require that a party assert the defense of insufficient service of process in its first responsive pleading. Baker's answer to MFSS's complaint was filed prior to this motion, and did not raise this issue. Accordingly, the Court finds that Baker has already waived the argument of improper service by failing to assert this in his first responsive pleading. To the extent Baker's argument is not based on the insufficiency of the service of process, but rather on the ability generally of this Court to have ruled on a motion for temporary

2

restraining order and motion to expedite discovery and for forensic imaging prior to the completion of the service of process, there was no such limitation preventing the Court from ruling on those motions. MFSS had stated it attempted to contact Baker numerous times by phone, email, and overnight mail prior to a teleconference held on November 8, 2019 which Baker was requested to join, and the Court appropriately ruled on those motions at that time. Doc. 14.

Baker has previously asserted an identical challenge to the amount in controversy requirement for diversity jurisdiction in his motion for summary judgement. Doc. 38, at ¶3. This motion for summary judgment also included Baker's identical argument that "MFSS fails to show any evidence that Baker caused any tortious injury within the State of Missouri or this judicial district" as restated in his claim of a lack of personal jurisdiction. *Id.* Baker filed this motion on February 26, 2020. Doc. 47. After a teleconference with the parties on March 2, 2020, Baker was asked about his arguments regarding jurisdiction and he indicated that he no longer requests dismissal based on lack of jurisdiction. Doc. 48. The Court denied Baker's motion for summary judgment at that time. *Id.* Interpreting this motion in light of Baker's statements to the Court, the Court finds that MFSS has appropriately alleged that the amount in controversy in this case exceeds $75,000, and that the Court maintains subject matter and personal jurisdiction over this case under diversity jurisdiction.

### B. Failure to State a Claim

"'Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law,' the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (citations omitted). To survive a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

Defendant claims that Plaintiff refuses to name the competitor that he is alleged to have worked with to cause injury to Defendant, and that as a result "Plaintiff's allegation lacks factual support." Doc. 47, at 3. Defendant then requested that "[s]ince the Plaintiff cannot show any evidence of the Defendant working with any competitor," the Court should dismiss the case. Plaintiff's Complaint alleged multiple counts against Defendant, but Defendant does not identify which allegation he is challenging. Further, to warrant dismissal of the entire case, each of Plaintiff's claims would have to be insufficiently plead, but Defendant provides no argument as to how the lack of naming of a competitor shows that Plaintiff has failed to claim any of its claims. In fact, Defendant's argument that Plaintiff's claims lack factual support or sufficient evidence does not reference the correct standard. Under the notice pleading standard, a complaint need only state sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quotation and citation omitted). Defendant has not argued how the pleadings, taking the allegations of Defendant's work with a competitor as true, fail to state a claim.

4

To the extent that the Defendant has a discovery dispute concerning the identity of a competitor, the appropriate steps for resolving such a dispute is contained in the Scheduling Order that was entered in this case.

## III.     Conclusion

For the reasons discussed above, Defendant's motion for judgement on the pleadings and to dismiss the case, Doc. 47, is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 11, 2020
Jefferson City, Missouri