IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MAXIMUM FIDELITY SURGICAL SIMULATIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-cv-04200-NKL ) |
| PAUL BAKER | ) ) ) |
| Defendant. | ) |

**ORDER**

Pending before the Court are two motions filed by Defendant Paul Baker. In his Motion to Amend and Compel, Doc. 58, Baker asks the Court to amend its May 11, 2020 order to correct a statement made during a March 2, 2020 telephone conference and to compel the Plaintiff to prove diversity. In his Motion for a Protective Order, to Quash and to Compel, Doc. 65, Baker also seeks to compel the Plaintiff to produce evidence of diversity jurisdiction.[1] Both motions are denied.

**I.   Background**

Defendant Baker was previously employed as a Product Manager at MFSS. MFSS alleges that Baker disclosed confidential and trade secret information obtained from MFSS and used this information to compete directly with MFSS.

---

[1] Doc. 65 contained three separate motions. Defendant asked the Court to (1) grant a protective order against Plaintiff, (2) to quash the deposition notice, and (3) to compel Plaintiff to produce evidence of diversity jurisdiction. Doc. 65. During a teleconference on July 23, the Court denied the motion for protective order and motion to quash. Doc. 67. Thus, the only remaining issue in Doc. 65 is Baker's request to compel Plaintiff to produce evidence of diversity jurisdiction.

1

In January 2020, Baker filed a pro se motion for summary judgment, arguing that diversity jurisdiction does not exist in this case. Doc. 38, at 3. During a teleconference on March 2, the Court asked Baker about his arguments regarding jurisdiction, and he indicated he no longer requested dismissal based on lack of jurisdiction. Doc. 48. On May 11, this Court entered an Order which denied summary judgment on the issue of subject matter jurisdiction based on Baker's statement at the March 2 teleconference. Doc. 57. Baker now seeks an amendment of the May 11th order to show that he continued to challenge the Court's jurisdiction during the March 2 phone conference and did not concede the issue. In his Motion to Compel, Doc. 65, Baker seeks an order of the Court compelling the Plaintiff to prove diversity jurisdiction exists.

## II.     Discussion

### A.  Motion to Amend Clerical Error

Defendant seeks to amend the Court's May 11th Order by striking this statement: "After a teleconference with the parties on March 2, 2020, Baker was asked about his arguments regarding jurisdiction and he indicated that he no longer requests dismissal based on lack of jurisdiction." Doc. 58, at 1. He then seeks to substitute the following statement: "After a teleconference with the parties on March 2, 2020, Baker was asked about his arguments regarding diversity jurisdiction and he stated that he has a federal right to challenge the amount in controversy at any time and that the burden of proof now lies upon the Plaintiff." *Id.* at 2.

Effectively, Baker suggests that the May 11, 2020 Order does not accurately reflect what Baker said during the March phone conference. However, there is no clerical error because Baker did say at that conference that he was no longer seeking a dismissal based on lack of jurisdiction. Baker may have misspoken when he made that statement, but the statement was made. Because there is no clerical error, the Court denies Baker's Motion to Amend. Doc. 58.

2

### B. Motions to Compel Plaintiff to Prove Diversity Jurisdiction[2]

Baker has filed various motions and responses effectively seeking to dismiss this lawsuit for lack of diversity jurisdiction, including his Motion to Amend and Compel, Doc. 58, and his Motion to Compel, Doc. 65. Diversity jurisdiction requires that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). When there is diversity of citizenship, a federal district court's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). The Eighth Circuit has held that a district court has "subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Baker does not dispute that he and the Plaintiff are citizens of different states, but he demands that Plaintiff produce evidence that the amount in controversy exceeds $75,000.

In response to Baker's demand for proof of the amount in controversy, Plaintiff filed Dr. Fernandez's Declaration. Doc. 59, Exh. 1. In his declaration made under oath, Dr. Fernandez states that MFSS paid Baker approximately $98,000 after he executed the Confidentiality and Propriety Rights Agreement, that Baker violated that agreement and therefore all monies paid to Baker should be returned to MFSS as damages. *Id.* at ¶¶ 11-14. Further, there was a substantial reduction in MFSS's lab revenues while Baker was working for MFSS because Baker was sharing proprietary information with a competitor, Cardio-Sim, that Baker helped to set up while he was

---

[2] Although Baker stated at the March 2020 phone conference that he was no longer requesting a dismissal based on jurisdiction, he did not waive any future objection to subject matter jurisdiction. *Clark v. Mathews,* 639 F.3d 391, 396 (8th Cir. 2011) (holding that parties cannot consent to subject matter jurisdiction). Nor can subject matter jurisdiction be waived or forfeited. *Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012).

3

subject to the terms of his employment contract with MFSS. *Id.* at ¶ 13. Dr. Fernandez estimates the lost profits from the reduction in lab revenue was in excess of $100,000. *Id.* at ¶ 14.

In his reply, Doc. 61, Baker lists several facts but he does not include any affidavits to support those facts. He does attach several exhibits but does not explain how those exhibits support his factual assertions. The Court has reviewed in detail Baker's exhibits, but it sees no coherent basis for finding as a matter of law that MFSS did not lose lab business as a result of Baker secretly forming a competing business and sharing proprietary information with that new business. Baker also demands that Plaintiff provide proof of signed contracts between Baker and MFSS competitors to prove damages. Doc. 61, at 5. However, Plaintiff does not have to sustain its burden of proof as to the amount in controversy in the manner that Defendant chooses. At best, therefore, the record shows there are disputed issues of fact concerning the amount of damages MFSS has suffered as a result of Baker's conduct. This is sufficient to establish the amount in controversy because Fernandez's affidavit and the other evidence submitted by MFSS clearly shows there is a submissible case for damages in excess of $75,000. At this stage of the litigation that is the threshold question, not what the actual damages of MFFS are. *Kopp*, 280 F.3d, at 885.

Finally, even if diversity jurisdiction were not satisfied, the Court still has subject matter jurisdiction over this controversy based on federal question jurisdiction. Federal question jurisdiction exists when a claim arises under federal law, such as a federal statute. 28 U.S.C. § 1331. Here, federal question jurisdiction exists because Plaintiff alleges a claim pursuant to the Defend Trade Secret Act, 18 U.S.C. § 1836, *et seq*. When a federal court has federal question jurisdiction to hear a claim pursuant to a federal statute, the federal court will also have supplemental jurisdiction over state law claims that "form part of the same case or controversy" as the federal claim. 28 U.S.C. § 1367(a). MFSS's complaint includes five state law claims:

4

breach of non-disclosure agreement, Missouri Uniform Trade Secret Act, unfair competition, conversion, and spoliation. Doc. 1, at 11-15.

Here, Plaintiff's federal and state claims form part of the same case or controversy because they arise from the same operative facts, namely Defendant's employment with Plaintiff and his alleged conduct during the term of his MFSS employment and after his termination. District courts in the Eighth Circuit have reached the same conclusion in cases with similar facts in which a company sues a former employee relating to alleged conduct that transpired during the course of the employment relationship. *See, e.g.*, *Parameter LLC v. Poole*, 2019 WL 6698527, at *7 n.9 (E.D. Mo. Dec. 9, 2019) (finding supplemental jurisdiction to exist for the state claims of breach of contract and trade secret misappropriation under the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 417.450, et seq. where the district court had federal question jurisdiction to hear the plaintiff's claim under the federal Defend Trade Secrets Act); *Prime Therapeutics LLC v. Beatty*, 354 F.Supp.3d 957, 966 (D. Minn. 2018) (finding supplemental jurisdiction over the plaintiff's state law claims existed because "those claims arise from essentially identical operative facts" as the claim arising from the federal Defend Trade Secrets Act).

### III. Conclusion

Defendant's motions, Docs. 58, 65, are denied because subject matter jurisdiction has clearly been established.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 5, 2020
Jefferson City, Missouri